JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year      Yes ☐     No ☐
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit      Yes ☐     No ☐
   pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier      Yes ☐     No ☐
   numbered case pending or within one year previously terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights      Yes ☐     No ☐
   case filed by the same individual?

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     */s/ Meghan E. Claiborne*     _____
                                         *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**     *Federal Question Cases:*                          **B.**     *Diversity Jurisdiction Cases:*

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts        ☐   1.   Insurance Contract and Other Contracts
☐   2.   FELA                                                                ☐   2.   Airplane Personal Injury
☐   3.   Jones Act-Personal Injury                                           ☐   3.   Assault, Defamation
☐   4.   Antitrust                                                           ☐   4.   Marine Personal Injury
☐   5.   Patent                                                              ☐   5.   Motor Vehicle Personal Injury
☐   6.   Labor-Management Relations                                          ☐   6.   Other Personal Injury *(Please specify)*: _____
☐   7.   Civil Rights                                                        ☐   7.   Products Liability
☐   8.   Habeas Corpus                                                       ☐   8.   Products Liability – Asbestos
☐   9.   Securities Act(s) Cases                                             ☐   9.   All other Diversity Cases
☐   10.  Social Security Review Cases                                                 *(Please specify)*: _____
☐   11.  All other Federal Question Cases
         *(Please specify)*: _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
    exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                 *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 3909 REALTY LLC | : | |
| | : | |
| and | : | Civil Action No. 200802860 |
| | : | |
| | : | |
| GUY SHITRIT | : | |
| | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPT. OF LICENSES & | : | |
| INSPECTIONS | : | |

**CASE MANAGEMENT TRACK DESIGNATION FORM**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.          (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.          (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.          (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          (   )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.          ( **X** )

| | | |
|---|---|---|
| 01/05/2021 | Meghan Claiborne | Defendants |
| Date | Meghan Claiborne**, Esq.** | Attorney for |

| | | |
|---|---|---|
| **(215) 683-5447** | **(215) 683-5397** | **meghan.claiborne@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 3909 REALTY LLC | : | |
| | : | |
| and | : | Civil Action No. 200802860 |
| | : | |
| | : | |
| GUY SHITRIT | : | |
| | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPT. OF LICENSES & | : | |
| INSPECTIONS | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia Dept. of Licenses & Inspections (hereinafter "petitioners") through their counsel, Meghan Claiborne, Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendants state the following:

1.  On November 23, 2020, plaintiff filed a Complaint in the Court of Common Pleas in Philadelphia, November Term, 2020; No. 200802860.

2.  On November 30, 2020 said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3.  On December 23, 2020 plaintiff filed an Amended Complaint in the Court of Common Pleas in Philadelphia. *See* Amended Complaint, attached as Exhibit A.

4.  Plaintiff alleges that on or about March 6, 2020 he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

5.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and

seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

       **Wherefore,** petitioners, City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

       Respectfully submitted,

       Meghan Claiborne
       Deputy City Solicitor

       _/s/ Meghan E. Claiborne_
       **MEGHAN CLAIBORNE**
       **Deputy City Solicitor**
       **Attorney I.D. No. 315918**
       1515 Arch Street, 14th
       Floor Philadelphia, PA
       19102 215-683-5447
       Date:  1/05/2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 3909 REALTY LLC | : | |
| | : | |
| and | : | Civil Action No. 200802860 |
| | : | |
| | : | |
| | : | |
| GUY SHITRIT | : | |
| | : | |
| | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPT. OF LICENSES & | : | |
| INSPECTIONS | : | |

TO:   Itzchek E. Kornfeld, Esquire
        16 East Roumfort Road
        Philadelphia, PA 19119


 PLEASE TAKE NOTICE THAT on January 5, 2021**,** defendants, City of Philadelphia,  filed,  in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

        A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).


                                        */s/ Meghan E. Claiborne*
                                        -----------------------------------
                                        **MEGHAN CLAIBORNE**
                                        **Deputy City Solicitor**
                                        **Attorney I.D. No. 315918**
                                        City of Philadelphia Law
                                        Department 1515 Arch Street, 14th
                                        Floor Philadelphia, PA  19102
                                        215-683-5447

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 3909 REALTY LLC | : | |
| | : | |
| and | : | Civil Action No. 200802860 |
| | : | |
| | : | |
| | : | |
| GUY SHITRIT | : | |
| | : | |
| | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPT. OF LICENSES & | : | |
| INSPECTIONS | : | |

## CERTIFICATE OF SERVICE

I, Meghan Claiborne, Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Itzchek E. Kornfeld, Esquire
         16 East Roumfort Road
         Philadelphia, PA 19119

                                                        __/s/ Meghan E. Claiborne___
                                                        **MEGHAN CLAIBORNE**
                                                        **Deputy City Solicitor**
                                                        **Attorney ID No. 315918**
                                                        City of Philadelphia Law
                                                        Department 1515 Arch Street, 14th
                                                        Floor Philadelphia, PA  19102
                                                        215-683-5447
                                                        Date:   1/05/2021

Exhibit "A"

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA

| | | |
|---|---|---|
| 3909 REALTY LLC | ) | |
| and | ) | |
| GUY SHITRIT | ) | CIVIL ACTION NO.  20080 $\color{blue}{2880}$ |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA | ) | JURY TRIAL DEMANDED |
| DEPT. OF LICENSES & | ) | |
| INSPECTIONS | ) | |

To The City of Philadelphia
Dept. of Licenses & Inspections

and the City of Philadelphia
Solicitors Office

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.** | **Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.** |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |



# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA – CIVIL DIVISION

Itzchak E. Kornfeld, Esquire
Bar I. D. No. 68345
16 East Roumfort Road
Philadelphia, PA 19119
Tel.: 267.608.9330
Email: itzchak.kornfeld@gmail.com

| | | |
|---|---|---|
| 3909 REALTY LLC | ) | |
| and | ) | Civil Action No. 200802860 |
| | ) | |
| GUY SHITRIT | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CITY OF PHILADELPHIA | ) | |
| DEPT. OF LICENSES & | ) | |
| INSPECTIONS | ) | |

## COMPLAINT

**To The Judges of This Honorable Court**

Come now Plaintiffs, 3909 Realty LLC and Guy Shitrit and file this Complaint with this Honorable Court.

### INTRODUCTION

This is an action to recoup funds for the illegal demolition by the City of Philadelphia Department of Licenses and Inspections and any and all of its sister agencies, of that certain building in the Kingesessing neighborhood in the City of Philadelphia, bearing the street address, 5714 Malcolm Street, Philadelphia, PA 19143-4509.

1

**JURISDICTION AND VENUE**

1.     Jurisdiction in this Court is proper in this Court based on 42 Pa.C.S. § 931, as the property that was illegally demolished is situated in the Kingesessing neighborhood of the City of Philadelphia, and the Defendant, the City of Philadelphia is headquartered within the Jurisdiction of this Court.

2.     Venue is proper in this Court Pursuant to Pa.R.C.P. 1006(a)(2) and 2103(b), because all currently known Defendants are Philadelphia governmental units or departments, the Defendants may be served in Philadelphia, the cause of action arose, and transactions or occurrences took place out of which the cause of action arose, in Philadelphia, and the Plaintiff's property is located in Philadelphia and the harm and damage occurred in Philadelphia.

**PARTIES**

3.     Plaintiff, 3909 Realty LLC, a Pennsylvania Limited Liability Corporation, whose business address is, 273 Montgomery Ave., Ste. 201, Bala Cynwyd, PA 19004.

4.     Plaintiff, Guy Shitrit, is an individual, who is the principal of 3909 Realty LLC, a Pennsylvania Limited Liability Corporation, and his business address is, 273 Montgomery Ave., Ste. 201, Bala Cynwyd, PA 19004.

5.     Defendant, City of Philadelphia (hereinafter the "City"), is a municipality in Philadelphia County, Commonwealth of Pennsylvania that is classified as a city of the first class pursuant to 53 P.S. § 101, and which owns, operates, manages, directs and controls the Department of Licenses and Inspections, who on information belief is located in the Mezzanine of the Municipal Services Building, and the Department of Licenses and Inspections Code Enforcement Unit. whose address to the best knowledge of Defendants is,1401 JFK Blvd., 11th Floor, Philadelphia, PA 19102.

6.     Plaintiffs are the legal owners of that certain property, who's OPA Account number is 513181600, and which bears the street address of 5714 Malcolm Street, Philadelphia, PA 19143-4509.  (*See* EXHIBIT "A").

## STATEMENT OF FACTS

7.     On or about December 4, 2019, Guy Advisor Group LLC, whose principal is Guy Shitrit, purchased the entirety of the businesses, including names, of two businesses: 3909 Realty LLC and 3909 Germantown LLC, from the owner and seller, Yair Biton, of the two limited liability companies that were the legal entities who owned two different properties.  As a condition of the sale, Mr. Biton transferred all of his rights and privileges in the two aforesaid entities and in two real properties bearing the following addresses: 5714 Malcolm Street, Philadelphia, PA 19143, and 3909 Germantown Avenue, Philadelphia, PA 19140. (*See* EXHIBIT "B", attached hereto, and made a part hereof and which is slightly redacted).

8.     Plaintiff purchased the real property at issue here, 5714 Malcolm Street, Philadelphia, PA 19143, in order to rehabilitate and rebuild the  1,260 square foot, 3 -bedroom, 1 bath building, in the Kingesessing neighborhood in the City of Philadelphia.

9.     Plaintiff, and its owners were in the midst of planning to rehabilitate of the said building, when the Coronavirus (COVID-19) pandemic required the entire City of Philadelphia and its municipal offices and Montgomery County to shut down, and issued mandatory shelter in place orders, so that work to rebuild the building.

10.     On or about February 9, 2020, due to concerns that the roof might collapse replaced into the building, Plaintiffs on an emergency basis replaced the entire roof, including new plywood and down spouts for the drain.  (*See* EXHIBIT "C", three photographs of the roof replacement process, attached hereto, and made a part hereof).

11.     On or about March 25, 2020, Plaintiff applied for a Residential Building Permit RP-2020-000670 via the License and Inspection's Eclipse system and paid the $25.00 fee to the City of Philadelphia, via Official Payments, A service of ACI Payments, Inc. and received a Payment Confirmation Number of CGMQZ4BLL, on March 25, 2020 at 04:45 PM ET.  (*See* EXHIBIT "D", attached hereto, and made a part hereof).

12.     However, unbeknown to Plaintiff, on March 6, 2020, the City of Philadelphia, Department of Licenses and Inspection issued Demolition Permit Number: 1055690, for the demolition of 5714 Malcolm Street, Philadelphia, PA 19143-4509.  (*See* EXHIBIT "E", attached hereto, and made a part hereof).

13.     L & I erroneously listed the said property as being owned by Sarah Clark-Thomas, whose mailing address is 5714 Malcolm Street, Philadelphia, PA 19143-4509, even though her mailing address for real estate tax purposes is listed as Apt. 409, 160 Long Ln., Upper Darby, PA 19082.  (*See* EXHIBITS "F1" and "F2", respectively, which are attached hereto and made a part hereof).

14.     L & I's notices were erroneously and speciously sent to Ms. Sarah Clark-Thomas even though Ms. Clark-Thomas lost the entirety of her ownership stake in the said 5714 Malcolm Street, Philadelphia, PA 19143-4509, on information and belief in May of 2016,  via a Sheriff's Sale on May 9, 2019.  (See Exhibit "A", Deed = Poll, Book 1904, Writ 6029, Jewel Williams, SHERIFF TO 3909 REALTY LLC, and CITY OF PHILADELPHIA VS. SARAH CLARK, ET AL, May T, 2016 (sic), No. T1065, witnessed by Office of Judicial Records, Steven Wulko, Deputy Director, <u>DATED 07/16/2019 12:26 PM</u>.)

15.     The said 5714 Malcolm Street, Philadelphia, PA 19143-4509 property was therefore legally, demonstrably, evidently, unmistakably, and unambiguously deeded in favor of

and owned by Plaintiff, 3909 REALTY LLC for almost eight (8) months prior to the issuance of the L & I Demolition Order.

16.     On information and belief, neither L & I nor any other city agency checked the deeds in the Recorder of Deeds Office, or any records office, to identify the correct and the then current owner of the said property, which was recorded as 3909 Realty LLC .

17.     3909 REALTY LLC, was not advised or informed that L & I had issued a Demolition Order, for the demolition of its property bearing the street address 5714 Malcolm Street, Philadelphia, PA 19143-4509, for months following the said Demolition Order, because L & I staff failed to check who the then current owner of the property was.

18.     As of March 25, 2020, or March 26, 2020, the Philadelphia Department of Licenses and Inspection had notice, via its eCLIPSE System that Plaintiff filed for a Residential Building Permit RP-2020-000670, and that Plaintiff paid the required $25.00 fee.

19.     Although it had, or should have had, both constructive and actual knowledge of Plaintiff's building permit application and the payment of the required fee, neither the City of Philadelphia's Department of Licenses and Inspection, nor any other City agency or arm, advised Plaintiff that the subject building was slated to be demolished.

20.     Indeed, the Demolition Permit numbered 1055690, which was issued on March 6, 2020, was finalized/completed on April 17, 2020, 24 calendar days after Plaintiff applied for its building permit.  Moreover, the Expiration Date of the said Demolition Permit was October 17, 2020.

21.     No City of Philadelphia Agency, including Philadelphia's Department of Licenses and Inspection ("L & I"), advised Plaintiff that the building it owned since January 10, 2020, and which was owned and deeded to 3909 Realty LLC, by a deed of record at the Recorder of Deeds

Office, was to be demolished.  (*See* Exhibit "A", the Deed, naming 3909 Realty LLC as the owner of record of 5714 Malcolm Street, Philadelphia, PA 19143.

22.    Had L & I's personnel checked or inspected the property after February 9, 2020, or in March 2020, or prior to the demolition, they would have verified that a new roof was installed on the property.

23.    Had L & I's personnel inspected the property after February 9, 2020, or in March 2020, or prior to the demolition, Plaintiffs contend that L & I would likely not have issued a demolition order.

### The Novel Coronavirus 19 - Severe Acute Respiratory Syndrome Coronavirus 2 (SARS-CoV-2)

24.    Just as the functions of the majority of the City of Philadelphia's government's offices were shut down or at best curtailed, after March 13, 2020, due to the COVID19 Pandemic, Plaintiffs were likewise unable to engage an engineer to draw up plans for the renovation and although unbeknown to them also cure the violations that L & I listed.

25.    These repairs would have occurred, but for the COVID19 Pandemic, and any violations would have been cured, even though L & I erroneously and incorrectly listed the owner of the property as Sarah Clark-Thomas even though Ms. Clark-Thomas lost the entirety of her ownership stake in the said 5714 Malcolm Street, Philadelphia, PA 19143-4509 property, on information and belief in May of 2016, via a Sheriff's Sale on May 9, 2019, rather than the then current owner, as documented by the Recorder of Deeds' public records as 3909 Realty LLC.

26.    Plaintiffs were unaware of the date of the demolition, which is believed to have occurred on August 11, 2020.

27.    Indeed, Plaintiffs sent correspondence to Mike at Simco Enterprises stating: "A eclipse application has been submitted for a building permit for 5714 Malcolm Street – RP-2020-

000670; however we are required to bring plans to L & I.  The plans and letter from the engineer

are attached." (*See* EXHIBITS "G", which is attached hereto and made a part hereof).

28.     On or about June 18, 2020, Defendant sent a letter to "GUY SHITRIT 3909

Germantown LLC, 273 Montgomery Avenue, Ste 201, Bala Cynwyd, Pennsylvania 19004

stating the following: "On 06/16/2020 the Department of Licenses and Inspections

inspected/investigated the property in violation and found the following condition(s) which

violate the Philadelphia Code.  Based on all or some of these Code violations the property is

deemed IMMINENTLY DANGEROUS." (*See* EXHIBITS "H", which is attached hereto and

made a part hereof).

29.     These inspectors obviously did not check to see if a new roof was installed.

30.     As Exhibit "H" demonstrates, the declared violations were extensive, requiring

among others, PM15-304.1(h): partially collapsed main roof – which was incorrect - side/rear

exterior walls, rear foundation, front porch; PM15-304.1(g), rear /side exterior walls; PM15-

304.1(f), foundation walls; A-304.1/1 "engineera (*sic*) report required" by "a Pennsylvania

Licensed Professional Engineer to serve as the design professional responsible charge . . .  and

maintain, at a minimum, the following responsibilities:" (1) immediately assess the structure to

determine the extent of the structural defects and submit tyhose findings along a timeline of

corrective actions to the Department. (2) Design and observe the immediate installation of

temporary protections of the public way and adjacent properties.  (3) Develop a remediation

plan, detailing the extent of the required removal and replacement of structural components and

temporary shoring required for remediation.  The remediation plan must contain adequate

construction details to confirm code compliance as well as provide the responsible contractor

with necessary direction in approaching and completing the necessary repairs. (4) Submit such

remediation plan with details to the Department along with an application for a building permit. (5) Provide periodic structural observations of the remediation work throughout the repair process . . . and three (3) other points pursuant to to Administrative Code Section A-304 . . . ."

31.     In the aforementioned letter L & I stated, "YOU ARE ORDERED TO MAKE REPAIRS AND/OR TAKE THE NECESSARY ACTION TO CORRECT THE CITED CONDITIONS PRIOR TO 6/26/20."

32.     To the best of Plaintiff's principal's recollection the L & I's letter, dated (Thursday) June 18, 2020, was not received until Tuesday June 23, 2020 or later that week. Hardly enough time to engage a Pennsylvania Licensed Professional Engineer (P.E.), and "(1) immediately assess the structure to determine the extent of the structural defects and submit tyhose findings along a timeline of corrective actions to the Department. (2) Design and observe the immediate installation of temporary protections of the public way and adjacent properties. (3) Develop a remediation plan, detailing the extent of the required removal and replacement of structural components and temporary shoring required for remediation."

33.     Indeed, L & I's letter, addressed to Guy Shitreet – L & I File Number: CF-2020-026744 – declares the following on its last page: "Failure to Correct the violations listed above before the correction date will result in: – The removal of all occupants and demolition of your property . . . YOU HAVE THE RIGHT TO APPEALTHIS NOTICE. YOUR APPEAL MUST BE FILED BY 06/23/2020.  Appeal of this Notice does not extend the time for you to comply nor will it stop any action by the City of Philadelphia."  (Emphasis added).

34.     The City of Philadelphia Department Licenses & Inspections was unreasonable in the short amount of time it gave Plaintiff and its principals to rectify the situation.  Three or four business days to comply with L & I's Order was *per se* unreasonable in affording Plaintiff

and its principals the short amount of time (3-4 business days) to have engineering drawings and plans prepared, and to take the required actions.

35.     Indeed the City of Philadelphia and its Department of Licenses and Inspections had already decided to demolish the structure.  The Demolition Permit numbered 1055690, which was issued on March 6, 2020, was finalized/completed on April 17, 2020, 24 calendar days after Plaintiff applied for its building permit.

36.     Moreover, the Expiration Date of the said Demolition Permit was October 17, 2020.

37.     Thus, when Plaintiff's building was demolished by the City of Philadelphia, on information and belief, sometime during the month of July or August 2020, Plaintiff had no recourse, because even if he appealed the City's demolition order. Because as the City of Philadelphia's letter, dated June 18, 2020, made clear, the "Appeal of this Notice does not extend the time for you to comply nor will it stop any action by the City of Philadelphia."

38.     Accordingly, the L & I and its personnel made the demolition a *fait a complete*. The City of Philadelphia's Department of L & I During the COVID19 Pandemic when the majority of the City's offices were closed, placed plaintiffs in a no-win situation.  Anything Plaintiffs' would or could do to begin the rehabilitation of the building would have been futile, pointless, and ineffective.

39.     Undeniably, given L & I's letter Plaintiffs essentially had no recourse to the City's proposed actions regarding the property at issue in this action. Particularly because they were unable to hire an engineer to undertake the immense amount of work that L & I demanded.

40.     Moreover, the City of Philadelphia's Department of Licenses & Inspections could not reasonably have expected Plaintiff, or anyone similarly situated, to undertake the

requirements in its June 18, 2020, Violation Notice and Order to Correct - L & I File Number
CF-2020-026744 - in the few days that the City gave plaintiff.

41.     Given the depth of the COVID19 pandemic in June and July 2020, L & I
demanded that Plaintiffs undertake work on the subject building and thereby risk the health of
their contractors and employees, when in fact, the City of Philadelphia's offices, including the
solicitor's office were closed, as were the Courts, in order to maintain the safety and health of its
employees.  Such an expectation was *per se* unreasonable.

42.     The City of Philadelphia's Department of Licenses & Inspections and any other
City of Philadelphia agency involved in the demolition of Plaintiffs' property, acted in bad faith,
knowing full well that (1) Plaintiffs could not submit the required documents listed in the
Department's June 18, 2020, letter, within a week or less; (2) because Plaintiffs applied for a
building permit and paid the required fee through the City's eCLIPSE System, in March 2020;
and (3) were in discussions with the Department of Licenses & Inspections regarding the
rehabilitation of Plaintiffs' property.

43.     Rather than allow Plaintiffs and its agents a reasonable amount of time and the
opportunity to rehabilitate the 5714 Malcolm Street, Philadelphia, PA 19143 property, and turn it
into a functioning residence, for a Philadelphia family, the Department of L & I, continued along
its predetermined and inexorable decision to demolish the structure; a decision it had reached in
April of 2020, but a term that expired in October 2020.

44.     Given its April 2020 decision to demolish the building bearing the address of
5714 Malcolm Street, Philadelphia, PA 19143, L & I was unencumbered - particularly during the
COZVID19 pandemic when the majority of the City's offices were shut - in its intent to

demolish the property at issue, and uncompromising in its decision, even if it meant that Plaintiff

and its principals would rehab the building and put it back on the City's tax rolls.

45.     The Department of Licenses and Inspections Code Bulletin No. PM-1801,

Permitting of Repairs to Imminently Dangerous and Unsafe Structures, issued on March 20,

2018, provides the following:

> Structures declared by the Department to be imminently dangerous or unsafe must be
> demolished or repaired by the responsible owner. The repair of such structures often
> requires the services of a professional engineer to analyze the structural defects and to
> design the remediation to ensure public safety. This Bulletin serves to capture the varied
> code requirements which regulate such repairs.

### DIRECTION

### A. Professional Engineer Required

> When imminently dangerous or structurally unsafe conditions are observed, and such
> conditions are, in the opinion of the Department, not easily corrected, the violation
> notice issued to the property will include a requirement to obtain the services of a
> professional engineer who is licensed in the Commonwealth of Pennsylvania, where
> the owner intends to repair the structure in question. The professional engineer shall
> be employed as the design professional in responsible charge of the remediation
> pursuant to Administrative Code Section A-304, and maintain, at a minimum, the
> following responsibilities:
>
> 1)   Immediately assess the structure to determine the extent of the structural
>      defects and submit those findings along with a timeline of corrective
>      actions to the owner and the Department.
>
> 2)   Design and observe the immediate installation of temporary protections of
>      the public way and adjacent properties as determined to be necessary by
>      the professional engineer.
>
> 3)   Develop a remediation plan, detailing the extent of the required removal
>      and replacement of structural components and temporary shoring required
>      for the remediation. The remediation plan must contain adequate
>      construction details to confirm code compliance as well as provide the
>      responsible contractor with necessary direction in approaching and
>      completing the necessary repairs.
>
> 4)   Submit such remediation plan with details to the Department along with
>      an application for a building permit.

11

5)    Provide periodic structural observations of the remediation work throughout the repair process as required by the Building Code . . .

46.    The Department did not provide Plaintiffs with the requisite time in which to hire an engineer.  Indeed, per information and belief, by the time the licensed engineer that drew-up the plans for remediating the property had done so and attempted to submit them to L & I, the structure in question was demolished, even though the owner intended to repair it.

47.    Furthermore, the City of Philadelphia's Property Records website, as of the filing of this complaint, still does not list Plaintiff 3909 Realty LLC, even though the listed owner is two owners previous, as the record owner of 5714 Malcolm Street, Philadelphia, PA 19143, the demolished building.  Department of Licenses & Inspections of failed to identify the true and correct record owner, and demolished a property that it has no business doing.  It botched, bungled, and erroneously destroyed a property that could have been a home for a Philadelphia family, and generated tax revenue for the city.

## COUNT I: TRESPASS

48.    Plaintiff hereby incorporates paragraphs 1-47 by reference as though they were fully set forth herein.

49.    Defendant unlawfully and intentionally, intruded upon Plaintiff's real property, when it knew or should have known that Plaintiffs had installed a new roof and filed for and paid for a building permit in March.

50.    Moreover, Defendant only contacted Plaintiffs – indeed Defendant contacted the wrong Limited Liability Company – after Plaintiffs reached out to Defendant and advised that Plaintiff would be repairing the property located at 5714 Malcolm Street, Philadelphia, PA 19143.  But Defendant nevertheless demolished the building – a trespass.

12

51.     Plaintiffs paid for an L & I permit, and submitted plans to rehabilitate the building at issue here. In ignoring these two items and the natural and required delay due to the COVID19 pandemic, to the City of Philadelphia's L & I Contractual Services Unit ("CSU") , had no legal right to demolish Plaintiff's property located at 5714 Malcolm Street, Philadelphia, PA 19143.

52.     In issuing Demolition Permit Number: 1055690, for the demolition of 5714 Malcolm Street, Philadelphia, PA 19143-4509, Defendant intentionally injured Plaintiffs' real property interests and violated its legally protected possessory interest in the said property.

53.     There was no emergent situation that necessitated Defendant's demolition and trespass, nor any circumstance that gave Defendant any privilege to demolish the said 5714 Malcolm building.  Otherwise, L & I would not have given itself until October 2020, to demolish the building.

54.     Defendant knew, or should have known, that its demolition of 5714 Malcolm Street, Philadelphia, PA 19143-4509, was an intentional invasion of Plaintiff's property interests and that a trespass would result, particularly since Plaintiff intended to rehab the property and in light of that intent submitted plans for the rehabilitation of the structure, and should have taken the impacts of the COVID19 Pandemic on plaintiffs ability to secure the services of an engineer.

55.     Defendant's affirmative acts and misfeasance in demolishing the said property constitute an act of trespass.

56.     Defendant's trespass was reasonably foreseeable.  Had the City of Philadelphia not given Plaintiff only three (3) – four (4) days to undertake L & I's laundry list of extensive repairs, those repairs would have been made in a timely fashion.

57.     Had the City of Philadelphia's L & I CSU checked with the Recorder of Deed's Office Defendant would have noted that in issuing the demolition permit, it would intrude a plaintiff's possessory interest in the subject property.

58.     Pennsylvania law is clear, a party is liable for trespass even though it acts under a mistaken belief of law or in good faith. A mistaken belief that it is committing no wrong, however reasonable will not exempt a trespasser from liability.

59.     A trespass is an unlawful intrusion or invasion upon a property, with the intent of intrusion, or a forceable intrusion that results in a resulting injury to an owner.

## COUNT II: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

60.     Plaintiffs hereby incorporates paragraphs 1-59 by reference as though they were fully set forth herein.

61.     In providing Plaintiffs with only a few days to repair the violations cited by the L & I, when the L & I CSU had decided in April to demolish property, Defendant tortuously interfered with Plaintiffs' prospective economic advantage as follows:

    a.  Plaintiffs executed a contract for engineering drawings with a professional engineer for the rehabilitation of the said building.

    b.  Plaintiffs executed contracts with various trade contractors to rebuild the building at issue.

    c.  In its intentional ignoring Plaintiffs' building permit application filed in March 2020; Plaintiffs' Make Safe Application; Plaintiffs hiring of a professional engineer, contractors; and by preventing these relationships and those with prospective tenants, from occurring, and then demolishing the building located at 5714 Malcolm Street, Philadelphia, PA 19143, the City of

14

Philadelphia tortiously interfered with Plaintiffs' prospective economic advantages.

d.  Although Defendant *may* initially have had a privilege or justification, it acted *ultra-virus* to that privilege by wrongly and maliciously intending to harm Plaintiff, and causing it damages, including, now, being required to reimburse the City for its uncalled-for demolition costs.

e.  L & I interfered with Plaintiffs economic advantages, by not allowing Plaintiffs to rehabilitate the building and make it an income and tax generating property.

## COUNT III.  TORTIOUS INTERFERENCE WITH CONTRACT

62.    Plaintiffs hereby incorporates paragraphs 1-61 by reference as though they were fully set forth herein.

63.    Plaintiffs had existing contractual relationships with a professional engineer and contractors as well as a beneficial business relationship with these and other parties.

64.    Since the Defendant's Demolition Permit numbered 1055690 had an expiration date of October 17, 2020, its demolition, whenever it occurred, was an act that tortiously interfered with Plaintiffs' contract with its contractors, caused  Plaintiffs to breach their contracts with their contractors, and were therefore unable to receive the benefit of the promised performance.

65.    There was no immediate necessity, inevitability, or privilege that necessitated Defendant to tortiously interfere with Plaintiffs' contractual relationship with its contractors, thereby depriving Plaintiffs of the benefits of those contracts.

66.     Plaintiffs' interests were damaged due to the breach of contract caused by the City's actions.

## COUNT IV.  TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

67.     Plaintiff hereby incorporates paragraphs 1-66 by reference as though they were fully set forth herein.

68.     Defendant's actions in demolishing Plaintiff's building prevented Plaintiff from successfully establishing or maintaining a business relationship with contractors who would rehabilitate the interior of the building and to thereafter lease the house to future tenants.

69.     Defendant's conduct caused the foregoing third parties not to establish business relationships with the plaintiffs, when otherwise it would have occurred.

70.     In order to prove the tort of interference business relations, the tortfeasor's conduct must be intentional.  Plaintiffs must also prove that the business relationship would have happened *but-for* the conduct of the tortfeasor.

71.     The Defendant's intentional actions here resulted in preventing the Plaintiff from successfully establishing or maintaining a business relationship with contractors and potential tenants.

72.     Defendant knew or should have known that in applying for a building permit and submitting plans for restoring and repairing the building, Plaintiff would hire contractors and either would sell the property once it was rehabilitated or rent it to tenants.

73.     Defendant's conduct caused Plaintiff and the foregoing parties not to establish the relationship with the Plaintiff, when otherwise it would have occurred.

## COUNT V – DECLARATORY JUDGMENT

74.     The foregoing paragraphs 1-73 are incorporated herein as if set forth in full.

75.     As all Defendants conspired or otherwise acted in concert to intentionally demolish Plaintiffs' building, and interfered in Plaintiffs' contractual relations, Plaintiffs have been irreparably harmed.

76.     Defendants have failed to train their employees to provide property owners the reasonable time to repair violations and not to rush to demolish a building that did not pose an immediate danger or emergency, specifically when due to COVID19, Plaintiffs due to the City's policies regarding the pandemic could not rush to repair the structure.

77.     L & I failed to check who the current owner of the property was, relying instead on outdated records.

78.     Plaintiffs, therefore, seek a declaratory judgment that Defendants acted wrongfully and intentionally to injure Plaintiffs' interests and that Plaintiffs be compensated for their loss, which should be the cost of building a replacement structure on the said property.

**COUNT VI: TAKINGS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION MADE APPLICABLE TO THE STATES VIA ARTICLE XIV OF THE UNITED STATES CONSTITUTION**

79.     Plaintiff hereby incorporates paragraphs 1-78 by reference as though they were fully set forth herein.

80.     The Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment to the United States Constitution, prohibits the taking of private property without just compensation.

81.     Defendant's actions in demolishing Plaintiff's building prevented Plaintiffs from utilizing their property as they saw fit, including, but not limited to generating income, via renting/leasing out the premises, or selling the property, thereby constituting a takings.

17

82.     The Defendants' Demolition Orders "made it commercially impracticable" to use the property belonging to Plaintiffs for any economically beneficial purpose, and inflicted to the "same effect for constitutional purposes as appropriating or destroying [the property as a whole]." Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 414–15 (1922); Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 484–85 (1987) (explaining that regulatory taking occurs when the government action "makes it impossible for petitioners to profitably engage in their business, or that there has been undue interference with their investment-backed expectations").

83.     The said Malcolm Street property, which the L & I's Demolition Orders rendered unusable, included both real property (the structure/building with a brand new roof) and the tangible property housed in the building – including as lumber, tools, and other forms of tangible property, stored in the building, in order to rehabilitate it ("Tangible Property") (both forms of property collectively referred to as "Property").

84.     Despite issuing the Demolition Orders for a demolition purporting to be public safety, the L & I Department did not provide compensation to Plaintiffs who suffered substantial – and total – diminution of value in their property interests as a result.

85.     The Demolition Orders by their operative provisions deprived Plaintiffs of almost all of their economically beneficial use of their Property.

86.     The L & I's Demolition Orders constituted a regulatory taking implemented for a purportedly recognized public purpose, and therefore the city of Philadelphia's failure to pay just compensation contravenes the Takings Clause of the Fifth and Fourteenth Amendments. See Penn Central Transportation Co. v. City of New York, 438 U.S. 104 (1978); Lucas v. S.C. Coastal Council, 505 U.S. 1003 (1992); Horne v. Dep't of Agric., 576 U.S. 350, 135 S. Ct. 2419,

2426 (2015) ("Nothing in the text or history of the Takings Clause, or our precedents, suggests that the rule is any different when it comes to appropriation of personal property. The Government has a categorical duty to pay just compensation when it takes your car, just as when it takes your home.")

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, respectfully request that this Honorable Court to:

1.　　Enter a declaratory judgment in favor of Plaintiffs and against Defendants that Defendants wrongfully and intentionally and without cause or, emergency, or immediate danger deprived Plaintiffs of their property rights and interests;

2.　　To declare that Plaintiffs should not be required to pay any of the costs associated with the City's unlawful demolition of the building located at 5714 Malcolm Street, Philadelphia, PA 19143;

3.　　Award Plaintiffs damages in an amount sufficient to compensate them so that they can rebuild the building that the City demolished;

4.　　Award costs and interest; and

5.　　Grant any other relief that is equitable, just, and appropriate that this Honorable Court finds under the circumstances.

Respectfully Submitted,

Date: 11/23/2020

Itzchak Kornfeld, Esq.
Attorney ID: 68345
16 East Roumfort Road
Philadelphia, PA 19119
(Tel.) 267.608.9330
(Fax.) 215.248.1787
Email:itzchak.kornfeld@gmail.com

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA – CIVIL DIVISION

Itzchak E. Kornfeld, Esquire
Bar I. D. No. 68345
16 East Roumfort Road
Philadelphia, PA 19119
Tel.: 267.608.9330
Email: itzchak.kornfeld@gmail.com

| | | |
|---|---|---|
| 3909 REALTY LLC | : | |
| and | : | |
| GUY SHITRIT | : | |
| | : | **Civil No. 200802860** |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPT. OF LICENSES & | : | |
| INSPECTIONS | : | |

## <u>VERIFICATION</u>

I, Itzchak E. Kornfeld, Esquire, verify that to the best of my knowledge and belief the statements made in this Complaints are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Dated: November 23, 2020

Itzchak E. Kornfeld, Esq.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA – CIVIL DIVISION

| | | |
|---|---|---|
| 3909 REALTY LLC | : | |
| and | : | **Civil No. 200802860** |
| GUY SHITRIT | : | |
| | : | <u>**ACCEPTANCE OF SERVICE OF COMPLAINT**</u> |
| v. | : | |
| CITY OF PHILADELPHIA DEPT. | : | |
| OF LICENSES & INSPECTIONS | : | : |

**TO THE CITY OF PHILADELPHIA LAW DEPARTMENT VIA EMAIL ADDRESS: City_Closure_Complaints@phila.gov.**

Pursuant to Pa.R.C.P. No. 402, and as per the Notice, dated April 9, 2020, by Andrew Richman <u>re: Service of Process of Civil Litigation Papers on the City of Philadelphia during Covid-19 Emergency</u>, please find for service upon your client, The City of Philadelphia, by Itzchak E. Kornfeld, Esquire, Bar I. D. No. 68345, an email copy of Plaintiffs' Complaint in the captioned matter. Kindly execute the following Affidavit.

I, _____, (please print), Counsel for the Defendant, City of Philadelphia Department of Licenses & Inspections,  in the above-captioned action depose and say that on the _____ day of _____, 2020, I hereby accepted service of the Complaint and Notice to Defend in the captioned matter.  I verify that the statements in this document are true and correct to the best of my knowledge, information, and

belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Respectfully Submitted,

_____.
Signature

3909 Realty LLC & Guy Shitreet v. City of Philadelphia

# EXHIBIT "A"

eRecorded in Philadelphia PA   Doc Id: 53538183
07/16/2019 12:26 PM      Page 1 of 6      Rec Fee: $256.75
Receipt#: 19-68900
Records Department    Doc Code: DS
State RTT: $203.01     Local RTT: $665.47

1904-6029

# Know all Men by these Presents

*THAT I, Jewell Williams, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for*

*and in consideration of the sum of EIGHT THOUSAND THREE HUNDRED AND XX / 100 [$8,300.00]*

*dollars, to me in hand paid, do hereby grant and convey to 3909 REALTY LLC .*

## DESCRIPTION

BRT#: 513181600

Premises Being:     5714 MALCOLM ST, PHILADELPHIA, PA 19143-4509

SEE ATTACHED LEGAL DESCRIPTION

*The same having been sold, on the 9th day of May Anno Domini Two Thousand Nineteen, after due advertisement,*

*according to the law, under and by virtue of a Writ of Execution/DECREE issued out of the Court of Common Pleas as of*

*May Term, Two Thousand Sixteen Number T1065 as the suit of:*

CITY OF PHILADELPHIA

VS.

SARAH E CLARK (A/K/A SARAH CLARK A/K/A SARAH E. CLARK, DECEASED AND ANY
AND ALL HEIRS KNOWN AND UNKNOWN.) AND THOMAS J. CLARK (A/K/A THOMAS
CLARK A/K/A THOMAS J. CLARK, DECEASED AND ANY AND ALL HEIRS KNOWN AND
UNKNOWN)

**In witness whereof, I have hereunto affixed my signature this 27th day of June Anno Domini Two Thousand**

**Nineteen.**

**SEALED AND DELIVERED
IN THE PRESENCE OF:**

**Jewell Williams, SHERIFF**

_____
Witness

**BY**

Richard Tyer

_____
Witness

Joseph C. Vignola

_____
Joseph C. Vignola, Undersheriff

Commonwealth of Pennsylvania :
County of Philadelphia :

On this, the 27 Jun 2019, before me, the undersigned Officer, personally appeared JEWELL WILLIAMS, BY HIS/HER UNDERSHERIFF JOSEPH C. VIGNOLA, Sheriff of the County of Philadelphia, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

*Steven J. Wulko*

Office of Judicial Records
Steven J. Wulko, Deputy Director

---

Book No.    1904
Writ No.    6029
Control No. _____

## Deed = Poll

Jewell Williams, SHERIFF

TO

3909 REALTY LLC

CITY OF PHILADELPHIA

vs.

SARAH E CLARK (A/K/A SARAH CLARK A/K/A SARAH E. CLARK, DECEASED AND ANY AND ALL HEIRS KNOWN AND UNKNOWN ) AND THOMAS J. CLARK (A/K/A THOMAS CLARK A/K/A THOMAS J. CLARK, DECEASED AND ANY AND ALL HEIRS KNOWN AND UNKNOWN)

May. T. 2016

No. ___ T1065

Premises:
5714 MALCOLM ST
PHILADELPHIA, PA19143-4509

The Address of the within-named Grantee
3909 GERMANTOWN AVENUE
PHILADELPHIA, PA19140
On behalf of the Grantee

Jewell Williams, SHERIFF
Philadelphia Sheriff Office

Sheriff of the County of Philadelphia
Chief Inspector Richard Verrecchio
Witness
Real Estate/Settlement Dept.
Land Title Building
100 South Broad Street 5th Floor
Philadelphia, PA19110

REV-183 EX (2-15)



**pennsylvania**
DEPARTMENT OF REVENUE

Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

## REALTY TRANSFER TAX
## STATEMENT OF VALUE

See reverse for instructions.

53538183   Page 4 of **RECORDER'S USE ONLY**

| | |
|---|---|
| State Tax Paid | |
| Book Number | |
| Page Number | |
| Date Recorded | |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

### A. CORRESPONDENT - All inquiries may be directed to the following person:

| Name | Telephone Number |
|---|---|
| Sheriff of the County of Philadelphia | (215) 686-3530 |

| Mailing Address | | State | ZIP Code |
|---|---|---|---|
| Land Title Building 100 South Broad Street 5th Floor | City: Philadelphia | PA | 19110 |

### B. TRANSFER DATA

Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Grantee(s)/Lessee(s) |
|---|---|
| Jewell Williams, Sheriff | 3909 REALTY LLC |

| Mailing Address | Mailing Address |
|---|---|
| Land Title Building 100 South Broad Street 5th Floor | 3909 GERMANTOWN AVENUE |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| Philadelphia | PA | 19110 | PHILADELPHIA | PA | 19140 |

### C. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| 5714 MALCOLM ST | PHILADELPHIA |

| County | School District | Tax Parcel Number |
|---|---|---|
| Philadelphia | | 513181600 |

### D. VALUATION DATA

Was transaction part of an assignment or relocation?   ☐ Y   ☐ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| $8,300.00 | + $0.00 | = $8,300.00 |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
|---|---|---|
| $20,100.00 | x 1.01 | = $20,301.00 |

### E. EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| | | |

2. Check Appropriate Box Below for Exemption Claimed.

☐ Will or intestate succession. _____
  (Name of Descendant)                    (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into trust _____
  If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

---

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| Stephanie Cruz | 06/27/2019 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

| | | BOOK NO. | PAGE NO. |
|---|---|---|---|

# PHILADELPHIA REAL ESTATE
# TRANSFER TAX CERTIFICATION

DATE RECORDED

CITY TAX PAID

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration/value is/is not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT - All inquiries may be directed to the following person:**

NAME
Sheriff of the County of Philadelphia

TELEPHONE NUMBER
(215) 686-3530

STREET ADDRESS
Land Title Building 100 South Broad Street 5th Floor

CITY
Philadelphia

STATE
PA

ZIP CODE
19110

**B. TRANFER DATA**

DATE OF ACCEPTANCE OF DOCUMENT:

GRANTOR(S)/LESSOR(S)
Jewell Williams, Sheriff

GRANTEE(S)/LESSEE(S)
3909 REALTY LLC

STREET ADDRESS
Land Title Building 100 South Broad Street 5th Floor

STREET ADDRESS
3909 GERMANTOWN AVENUE

CITY
Philadelphia

STATE
PA

ZIP CODE
19110

CITY
PHILADELPHIA

STATE
PA

ZIP CODE
19140

**C. PROPERTY LOCATION**

STREET ADDRESS
5714 MALCOLM ST

CITY, TOWNSHIP, BOROUGH
PHILADELPHIA

COUNTY
PHILADELPHIA

SCHOOL DISTRICT

TAX PARCEL NUMBER
513181600

**D. VALUATION DATA**

1. ACTUAL CASH CONSIDERATION
$8,300.00

2. OTHER CONSIDERATION
+ $0.00

3. TOTAL CONSIDERATION
= $8,300.00

4. COUNTY ASSESSED VALUE
$20,100.00

5. COMMON LEVEL RATIO FACTOR
x 1.01

6. FAIR MARKET VALUE
= $20,301.00

**E. EXEMPTION DATA**

1A. AMOUNT OF EXEMPTION

1B. PERCENTAGE OF INTEREST CONVEYED

Transfer Tax:   $868.48

**2. Check Appropriate Box Below for Exemption Claimed**

☐ Will or intestate succession _____

      *(NAME OF DECEDENT)*      *(ESTATE FILE NUMBER)*

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____

☐ Transfer to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in a default. Mortgage Book Number _____ , Page Number _____ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

_____

_____

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY
Stephanie Cruz

DATE
6/27/2019

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected,

SITUATE on the Southeast side of Malcolm Street at the distance of One hundred Five feet Southwestwardly from the Southwesterly side of Fifty-Seventh Street in the Fifty-first (formerly part of the Fortieth) Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Malcolm Street Fifteen feet and extending of that width in length or depth Southeastwardly between parallel lines at right angles to the said Malcolm Street Sixty-five feet including a certain Three feet wide alley extending into and from the said Fifty-seventh Street.

BEING No. 5714 Malcolm Street

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley as and for a passageway and watercourse at all times hereafter forever in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof.

BEING THE SAME PREMISES WHICH Elizabeth A. Strobel, singlewoman by Deed dated 4/10/1953 and recorded 4/13/1953 in Deed Book MLS 367, Page 47 conveyed unto Sarah E. Clark, widow and Thomas J. Clark, mother and son in fee.

CITY REGISTRY: 26 S 11 -55

513181600

CITY OF PHILADELPHIA
DEPARTMENT OF REVENUE
TAX REVENUE BUREAU

## CERTIFICATE OF COMPLIANCE

TO THE OFFICE OF THE SHERIFF OF PHILADELPHIA:

The subject taxpayer/purchaser is in compliance with the Sheriff's Conditions of Tax Sale for the purpose of settling the following bid(s):

NAME OF PURCHASER: _Yiros Realty LLC_

SALE DATE: _5/9/19_

ADDRESS OF PROPERTY: _5714 Malcolm_

WRIT NUMBER: _1904/6029_

SIGNATURE: _____

DATE: _5/30/19_

TSJS
MAY 30 2019
#2

3909 Realty LLC & Guy Shitreet v. City of Philadelphia

# EXHIBIT "B"

**THIS AGREEMENT** entered into this the 3 day of NOVEMBER , 2019, between 3909 GERMANTOWN LLC AND OWNER **YAIR BITTON**   hereinafter called "SELLER" and **GUY ADVISOR GROUP LLC** hereinafter called "BUYER."

W I T T N E S T H

**2. PROPERTY.** Seller hereby agrees to sell and convey all rights and holdings to Buyer, and or its nominees and or assignees, who hereby agree to purchase: 3909 Germantown LLC that owned properties 3909 germantown ave and 5714 Malcolm st in Philadelphia .

**ALL THAT CERTAIN** lot or piece of ground with buildings and improvements thereon erected, if any, known as:

Properties Address: 3090 GERMANTOWN AVE, PHILADELPHIA, PA , 19104

AND 5714 MALCOLM STREET , PHILADELPHIA , PA 19143

**3. TITLE COMPANY.** At all times herein, the words "Title Company" shall refer to {ROSNER SETTLEMENT SERVICES }, with a business address at and shall refer to {**273 MONTGOMERY AVE SUITE 201 BALA CYNWYD PA 19004}.**

**4. ESCROW AGENT.** At all times herein, the words "Escrow Agent" shall refer to {GUY ADVISOR GROUP LLC}, with a business address at {**273 MONTGOMERY AVE SUITE 201 BALA CYNWYD PA 19004}.**

**4. PURCHASE PRICE.**

PURCHASE PRICE OF **$ 65,000.00 US DOLLARS** to be paid to the Seller by Buyer as follows:

(1) Cash or other good funds in the amount listed shall be deposited by Buyer
within two (2) days of the execution of this Agreement by both parties'
signature affixed below to be placed in Escrow with the Escrow Agent:     $ 5000.00

(2) Cash, Certified Check, Bank Check or
other good Funds on or before CLOSING DATE:                    $ 60,00.00

TOTAL PRICE: $ 65,000.00

**5. RESERVED.**

**6. TITLE.** As a condition to Buyer's completion of Closing, on the Closing Date, title to the Real Property shall be good and marketable and free and clear of all liens, restrictions, easements, encumbrances, and leases, and title objections, and shall be insurable as such by the Title Company

**7. TAX.**

(A) TRANSFER TAX. Realty Transfer will tax shall be paid as follows: The buyer will pay 0% and the Seller shall pay 0%; or otherwise the title transfer tax shall be evenly proportioned between both parties.

(B) APPORTIONED. The following shall be apportioned pro-rata as of and at the time of settlement: taxes as levied and assessed, rents, interest on mortgage assumptions, water and sewer rents, lienable municipal services, and any and all other State, City or municipality tax.

1

**8. CONTINGENCY.**

(A) This Agreement is NOT contingent upon Buyer procuring a Mortgage or Buyer Inspection.

(B) This Agreement is NOT contingent upon Buyer completing a satisfactory inspection of the property. The property is sold in AS-IS condition as set forth below, and Seller is not responsible to make any repairs to the property. **IT IS UNDERSTOOD AND AGREED THAT THE HEREIN PREMISES ARE BEING CONVEYED IN ITS "AS IS WHERE IS" CONDITION WITH NO WARRANTY AS TO THE CONDITION OF THE PROPERTY WHATSOEVER, WHETHER EXPRESSED OR IMPLIED**

**9. STATUS OF WATER AND SEWER.**

___*__ Public Water      _____ Well Water      ____*___ Public Sewer      _____ Septic System

**10. SELLER DISCOLSURE.**  Buyer and Seller agree and acknowledge that the following shall satisfy the Seller Disclosure as required pursuant to 68 Pa.C.S §§7101-7512. Seller represents and warrants that Seller has no knowledge:

(1) That the premises had been contaminated by any substance in any, manner which requires remediation; and

(2) That the property contains wet lands, flood plains or any other environmentally sensitive areas, development of which is precluded by law; and

(3) That the property contains asbestos, polychlorinated biphenyls, lead based paint or any substance. The removal or disposal of which is subject to any law or regulation; and

(4) That any law(s) has been violated in the handling or disposing of any material or waste or the discharge of any materials into the soil, air, surface, water, or ground.

**11. NOTICE AND ASSESSMENT.**

(A)Seller has represented to Buyer, and Buyer is made aware of an L&I Notice, attached hereto as Exhibit "A" and made part hereof, which relates to the property. Buyer is entering into this agreement subject to the existence of said notice and Seller shall assume no responsibility regarding said notice and/or the effect of said notice on the property.

(B) Any notice of improvements or assessments received on or before the date of Seller's execution of this Agreement, shall be the responsibility of the Seller, any notices thereafter received shall be the responsibility of the Buyer.

(C) If required by law, Seller shall deliver to Buyer, on or before settlement a certification from the appropriate municipal department or departments disclosing notice of any uncorrected violation of zoning, building, safety or fire ordinances.

**12. REPRESENTATIONS AND WARRANTY.** Both parties represent, acknowledge and guarantee that:

1.      They have the power and authority to enter into this agreement. Specifically, Seller affirms and Buyer relies upon said representation that Seller is the legal authority and administrator for the estate and that seller is authorized by the legal powers vested in him/her, under the law, to effectuate sale of the property to Seller. If Seller is not authorized to sell this property, or a legal preceding ensues involving the sale of this property based upon the authority of the Seller to effectuate and execute sale of this property to Seller, and Buyer incurs a loss as a result of reliance upon this representation, then Seller agrees to indemnify Buyer for any loss and debt incurred by Buyer as a result.

2

2.      There are no bankruptcy, insolvency, reorganization or similar actions or proceedings, whether voluntary or involuntary, contemplated, pending, or to the best of either parties' knowledge, threatened against the affirming party.

3.      Both parties shall make all dealings pursuant to the terms herein in good faith and with honest representations and affirmations.

**13. TIME AND PLACE OF CLOSING.** The settlement and consummation of the sale of the Property ("**Closing**") shall be held no later than DEC 30, 2019 (the "**Closing Date**") at:

{Name of Location – Guy Advisor Group Office}

{Address of Location - 273 Montgomery ave suite 201}

**14. EXTENSIONS/MODIFICATIONS.** Any extension(s) and or modifications to the terms of this Agreement shall be expressly agreed upon by both parties and made in writing.

**15. ASSIGNMENT.** This Agreement is not assignable by either party without the express written permission of the other party.

**16. WAIVER OF TENDER.** Formal tender of a deed and purchase money is hereby waived, but nothing herein contained shall be construed as to relieve Seller from the obligation to deliver the Deed or to relieve Buyer from the concurrent obligation to pay the balance of the Purchase Price.

**17. NOTICES.** All notices, demands, consents, approvals and other communications (collectively, "**Notices**") which are required or desired to be given by either party to the other hereunder shall be in writing and shall be mailed , by first class mail or emailed to the following:

If to Seller:  9841 NORTHEAST AVE APT 19A PHILA, PA , 19115

If to Buyer: 273 Montgomery Ave suite 201 Bala Cynwyd PA 19004

**18. SURVIVAL OF REPRESENTATIONS AND WARRANTIES.** Each of the representations and warranties of the respective parties contained herein or made in writing pursuant to this Agreement, shall be true and correct as of the Effective Date and as of the Settlement Date and shall survive Settlement.

**19. PARTIES BOUND.** This Agreement shall be binding upon the parties hereto and their respective heirs, administrators, executors, successors, and assigns. If the Buyer fails to perform under the requirements and obligations set forth herein Buyer shall pay to Seller Seller's Attorney fees and cost associated with this transaction.

**20. ENTIRE AGREEMENT.** This Agreement contains the entire agreement between Seller and Buyer with respect to the Property; there are no other terms, covenants, obligations or representations, oral or written, of any kind whatsoever related to the subject matter of this transaction. This Agreement may be amended only by a written instrument executed by the party against whom the amendment is being enforced.

**21. GOVERNING LAW.** This Agreement is being executed, delivered and is intended to be performed in the Commonwealth of Pennsylvania. The substantive laws of the Commonwealth of Pennsylvania will govern the validity, construction and enforcement of this Agreement. The parties consent to the venue and jurisdiction of any federal court located in the Commonwealth of Pennsylvania for any action brought to enforce the terms of this Agreement. The parties irrevocably and unconditionally submit to the jurisdiction (both subject matter and personal) of any such court and irrevocably and unconditionally waive: (a) any objection any party might now or hereafter have

3

to the venue in any such court; and (b) any claim that any action or proceeding brought in any such court has been brought in an inconvenient forum.

**22. REVIEW.** The parties acknowledge that each has reviewed and revised this Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in the interpretation of this Agreement or any exhibits or amendments hereto. In addition, any statement herein which is qualified to be "to the best of Seller's knowledge", to "Seller's knowledge" or similar qualifiers, shall be limited to the actual knowledge of Seller.

**23. COUNTERPARTS.** This Agreement may be executed in counterparts, each of which shall be binding against the party whose signature appears thereon. All such counterparts, together, shall consist of one and the same document. For purposes hereof, electronically transmitted signatures shall constitute originals.

**24. COSTS AND ATTORNEYS FEES.** Except as otherwise set forth in this Agreement, each party shall pay its own costs and fees in connection with any litigation arising out of this Agreement.

**WITNESS**
**THIS AGREEMENT** is entered into and executed by the undersigned parties, their hand and seal set here unto, in their respective and authorized capacities, on this 3ᵀᴴ day of November, 2019.

SELLER:

_____ 3909 GERMANTOWN LLC \ OWNER YAIR BITTON _____         {SEAL}
{Name}

TITLE:_____


BUYER: GUY ADVISOR GROUP LLC

_____

_____ 12/4/49 _____         {SEAL}


TITLE:_____ Owher _____

4

Realty LLC & Guy Shitreet v. City of Philadelphia

# EXHIBIT "C"







3909 Realty LLC & Guy Shitreet v. City of Philadelphia

# EXHIBIT "D"

Welcome Ori Batzer          City of Philadelphia  |  Mayor's Office  |  City Council  |  Courts  |  District Attorney  |  Sheriff

### Licenses & Inspections

Home    Search    Profile    Pay    My Payments    Sign Out

## Residential Building Permit RP-2020-000670 (Submitted)

| | | |
|---|---|---|
| **Status:** | Submitted | **Application Date:** Mar 25, 2020 |
| | | **Issue Date:** |
| | | **Completed Date:** |
| | | **Expiration Date:** Dec 31, 9999 |

*3/26 Phone - Plans rej.*

**Description:** Residential - Addition and/or Alteration

Details    Reviews    Inspections    Project Activity    Contractors    Subcontractors    Manage Permit Notifications

*Here is a summary of your Permit information. Use the tabs above to navigate between all of the information relating to your Permit including Reviews, Inspections and Contractors. Also, check the buttons below to see what actions you can take with this Application. For more information click on the blue questions mark icons below.*

### DETAILS

| | |
|---|---|
| **Type of Work:** | Addition and/or Alteration |
| **Work Description:** | Replace joists and re-framing throughout entire property. New windows, drywall, insulation, flooring and sub-flooring. New staircase (Basement to 1st floor and 1st floor to 2nd floor). Installation of smoke and carbon monoxide detectors, fire alarms and new roof. |
| **Structure Type:** | One-Family |
| **Modular Building:** | ☐ |
| **Number of Stories of Work:** | 2 |
| **Includes Green Roof Construction:** | ☐ |
| **Façade Work Being Done:** | ☐ |
| **One or both of the following applies:** | ☐ |
|     1) Construction works extends into, under, or onto a public right-of-way. | |
|     2) Project involves new, relocated, or extended driveway. | |
| **Area of Earth Disturbance (sq. ft.):** | 930 |
| **Alteration Area (sq. ft.):** | 930 |
| **Addition Area (sq. ft.):** | 0 |
| **Total Construction Area (sq. ft.):** | 930 |
| **Electrical Cost of Work:** | |
| **Fire Suppression Cost of Work:** | |
| **Fuel / Gas Cost of Work:** | |
| **Mechanical Cost of Work:** | |
| **Plumbing Cost of Work:** | |
| **General Construction Cost of Work:** | $60,450.00 |
| **Total Construction Cost of Work:** | $60,450.00 |
| **Homeowner is doing the work:** | ☐ |

### LOCATIONS

**Address**
5714 MALCOLM ST, Philadelphia, PA 19143-4509
Building 1412725

| **Primary Location:** | 5714 MALCOLM ST, Philadelphia, PA 19143-4509 |
|---|---|

**Specific Location:**

### RELATED INFORMATION

| Type | Description |
|---|---|
| Contractor | GUY SHITRIT Phone: (484) 270-8641, License Number: 053896 |

### HOLDS

*The following hold(s) exist on this Permit and must be addressed before Permit Issuance or Permit Completion. Please click on each Hold for more information. Once you have resolved a Hold please contact L&I by clicking* **HERE.**

| **Required Before** | **Type** |
|---|---|

### PERMIT ACTIVITIES

*This is where you can make requests on your permit. The eligible request types will appear depending on what your permit status is. The requests can include:*

#### FEES

You have no outstanding fees.

#### TEMPORARY CERTIFICATE OF OCCUPANCY (CO)

*Allows you to occupy a portion of your approved development.*

You cannot request a temporary CO at this time.

#### EXTEND PERMIT

You cannot extend this permit at this time.

#### WITHDRAW PERMIT

    Withdraw Permit

#### DOWNLOAD PERMIT

You cannot download this permit at this time.

#### AMEND PERMIT

You cannot amend this permit at this time.

#### REQUEST INSPECTION

You cannot request an inspection at this time.

Official Payments - Pay Taxes, Utility Bills, Tuition & More Online
This is a "printer friendly" page. Please use the "print" option in your browser to print this screen.



**OFFICIAL PAYMENTS**
a service of ACI Payments, Inc.



## Philadelphia, City of - License and Inspections, PA

### eCLIPSE Application

*5714 Malcolm*
*Permit Constuch~*

| | |
|---|---|
| **Confirmation Number:** | GGMQZ4BLL |
| **Payment Date:** | Wednesday, March 25, 2020 |
| **Payment Time:** | 04:45PM ET |

Successful completion of the payment transaction is conditioned upon accurate and complete information being entered by you and is subject to financial institution and biller acceptance, approval and authorization of the payment. Electronic check payments may take up to seven business days to be returned by your Financial Institution if incorrect information is entered when a payment is submitted.

### Payer Information

**When paying a Business TAX using an Electronic check, please enter the Authorized User of the Bank Account**

| | |
|---|---|
| Name: | Guy Advisor Group LLC |
| Street Address: | 273 Montgomery Avenue |
| | Ste 201 |
| | Bala Cynwyd, PA 19004 |
| | United States |
| Daytime Phone Number: | (484) 270 - 8641 |
| E-mail Address: | deanna@guyadvisorsgroup.com |
| Account Number: | 218434526 |
| SourceCodeFundIndex: | 360101263601 |

### Check Information

| | |
|---|---|
| Account Type: | Business Checking Account |
| Routing Number: | ****00503 |
| Account Number: | *****44324 |

### Payment Information

| | |
|---|---|
| Payment Type: | eCLIPSE Application |
| Payment Amount: | $25.00 |

Thank you for using ACI Payments, Inc. If you have a question regarding your payment, please call us toll free at 1-800-487-4567. To make payments in the future, please visit our website at www.officialpayments.com/echeck.



Back

Copyright © 2020 ACI Payments, Inc. All Rights Reserved.
ACI Payments, Inc. is licensed as a money transmitter by the New York State Department of Financial Services, the Georgia Department of Banking and Finance, and by all other states and territories, where required. NMLS #936777.

 **Licenses & Inspections**     Home   Search   Profile   Pay   My Payments   Sign Out

## 🏢 Residential Building Permit RP-2020-000670 (Application Incomplete)

*Additional documents may be needed for your Application. Any Attachment Type noted as 'Required' must be uploaded and the 'Document Type' selected from the drop-down menu.*

*Attachments Types identified as 'Optional' may still be required by the Department based on your scope of work. For more information regarding this and other plan submission standards click on the blue help icon to the right.*

DOCUMENTS TO ATTACH      ❓

| Uploaded | Attachment Type | Description | Sample Form | |
|---|---|---|---|---|
| | Change of Ownership verification | Executed PA Real Estate Settlement Statement, Deed or similar document confirming the owner listing provided for this Application | None | Required |
| | Energy Conservation Compliance Documents | Energy analysis report or any other supporting documents that confirm compliance of the proposed work with the applicable provisions of the Energy Conservation Code. For more information visit: https://www.phila.gov/documents/energy-compliance-materials/ | None | Optional |
| | Structural Design Criteria Form | Form completed by PA PE listing all structural loads applicable to the building or structure in accordance with IBC Chp. 16. | Open | Optional |
| | Dept. of Parks and Recreation (DPR) Approval | Approval notice and associated plans issued by the Philadelphia Dept. of Parks and Recreation (DPR) for the proposed work. | None | Optional |
| | Key Plan | Simplified plan showing either layout of buildings on the site if the property is a multi-building site or tenant-/suite-spaces if the structure is a multi-tenant building | None | Optional |
| | Soils Investigation / Foundation Report | Report for the soils investigation performed for this project OR an engineering analysis of any existing foundation system proposed to support new construction. These reports must be signed and sealed by a PA Professional Engineer (PA PE) | None | Optional |
| | Architectural Plans (A-series) | Layout and details of the architectural design of the work including plan, elevation, section, life safety analysis, etc. | None | Required |
| | Civil / Site Plans (C-series) | Plans showing the location of the proposed work with respect to the parcel including property lines, grading, flood hazard information, etc. | None | Optional |
| | General Notes / Code Summary (G-series) | Plans showing a code summary of applicable provisions of the Philadelphia Codes and Standards including occupancy schedules, height and area calculations, construction type, sprinkler protection, etc. | None | Optional |
| | Structural and Framing Plans (S-series) | Plans showing the design and layout of all structural systems including framing plans, connection details, size and location of columns, requisite design calculations, etc. | None | Optional |
| | Zoning Plans (Z-series) | Plans showing the height, area, and associated massing of any structure or development including summary tables of applicable Zoning provisions, flood hazard information, property lines, Use categories, etc. | None | Optional |
| | Executed Contract of Construction Costs | Summary document for ELECTRICAL cost of work proposed including all material, labor, design fees, and the overhead and profit cost inherent in the contract, whether or not any such items are provided at no cost. For work involving the installation of solar electric systems, the constructions costs shall exclude the cost of any arrays or inverters used for such systems. | None | Optional |

UPLOADED DOCUMENTS

3909 Realty LLC & Guy Shitrit v. City of Philadelphia

# EXHIBIT "E"

🖳 Licenses & Inspections
CITY OF PHILADELPHIA
LIFE LIBERTY AND YOUR

Home   Search   Profile   Pay   My Payments   Sign Out

## Demolition Permit 1055690 (Completed)

| | | | |
|---|---|---|---|
| Status: | Completed | Application Date: | Mar 6, 2020 |
| | | Issue Date: | Mar 6, 2020 |
| | | Completed Date: | Apr 17, 2020 |
| | | Expiration Date: | Oct 17, 2020 |

Description: Commercial - Minor Demolition

[Details] [Inspections] [Contractors] [Subcontractors]

Here is a summary of your Permit information. Use the tabs above to navigate between all of the information relating to your Permit including Reviews, Inspections and Contractors. Also, check the buttons below to see what actions you can take with this Application. For more information click on the blue questions mark icons below.

### DETAILS

| | |
|---|---|
| Type of Permit: | Other |
| Type of Work: | Minor Demolition |
| Work Description: | FULLC |
| Cost of Work: | 14389.00 |
| Number of Stories: | 2 |
| Building Height: | |
| Building Footprint: | |
| Gross Floor Area: | 1200 |
| Area of Earth Disturbance (sq. ft.): | |
| Water Discontinuance Permit: | |
| Review Type: | Standard Review |
| Design Professional: | |
| Design Professional in Responsible Charge for Special Inspections (DPRC-SI): | |

### RELATED INFORMATION

| Type | Description |
|---|---|
| Contractor | RDS CONTRACTING GROUP INC |
| | Phone: (215) 681-6350, License Numbers: 36702, 46095 |

### LOCATIONS

**Address**
5714 MALCOLM ST, Philadelphia, PA 19143-4509
Building 1412725 Imminently Dangerous

| Primary Location: | 5714 MALCOLM ST, Philadelphia, PA 19143-4509 |
|---|---|

Specific Location:   CITY OF PHILADELPHIA PUBLIC DEMO

3909 Realty LLC & Guy Shitrit v. City of Philadelphia

# EXHIBIT "F"



## City of
# Philadelphia
(https://beta.phila.gov)

# PERMIT NUMBER: 1055690
# DEMOLITION

phila.gov / L&I Property History Search / L&I Property History Results / 5714 MALCOLM ST

## OWNER
# THOMAS-SARAH CLARK

**MAILING ADDRESS**
5714 MALCOLM ST
19143 - 4509

# PERMIT DETAILS

**Permit Number**
1055690

**Application Type**
DEMOLITION PERMIT

**Permit Type**
MINOR DEMOLITION

**Date Issued**
Fri Mar 06 2020

**Work Description**
FOR THE COMPLETE DEMOLITION OF A VACANT SFD AS PART OF THE CITY OF PHILADELPHIA DEPARTMENT OF LICENSES AND INSPECTIONS DEMOLITION PROGRAM. ADD'L SPECS: 2 STUCCO C/W 5712 & 5716 MALCOLM ST.REPLACE FRONT SIDEWALK. EROSION CONTROL MAT, WITH SEED ON LOT.*

**Status**
COMPLETED

**Contractor Information**
RDS CONTRACTING GROUP INC
RDS CONTRACTING GROUP INC 4719 MELON STREET
PHILADELPHIA, PA 19139 USA

# Philly311

311 (http://www.phila.gov/311) provides direct access to City government information, services, and real-time service updates. Multiple languages are available. Call 311 or tweet @philly311 (https://twitter.com/philly311) for a quick response.

Interact with 311 online

📢 **REPORT A PROBLEM**
(HTTP://IFRAME.PUBLICSTUFF.COM/#?
CLIENT_ID=242)
❓ **ASK A QUESTION**
(HTTP://WWW.PHILA.GOV/311/FINDANANSWER/PAGES/DEFAULT.ASPX)
☑ **TRACK A REQUEST**
(HTTPS://CITYOFPHILADELPHIA.GITHUB.IO/SERVICE-REQUEST-TRACKER/)

Trending requests

Apply for a Homestead Exemption
(http://www.phila.gov/OPA/AbatementsExemptions/Pages/Homestead.aspx)

Correctional facilities (http://www.phila.gov/prisons/Facilities/Pages/default.aspx)

Pay a parking violation (https://prodpci.etimspayments.com/pbw/include/philadelphia_parking/input.jsp)

Pay a water bill (https://secure.phila.gov/WRB/WaterBill/Account/GetAccount.aspx)

Pay a Real Estate Tax bill (https://ework.phila.gov/revenue/)



# 5714 MALCOLM ST
Philadelphia, PA 19143-4509



We're working on a **new property search website** with more information and features. We'd appreciate your feedback as we improve the new site.

## OWNER

# THOMAS-SARAH CLARK

**MAILING ADDRESS**
**APT 409**
**160 LONG LN**
**UPPER DARBY PA**
**19082**

## VALUATION HISTORY

| Year | Market Value | Taxable Land | Taxable Improvement | Exempt Land | Exempt Improvement |
|------|--------------|--------------|---------------------|-------------|--------------------|
| 2021 | $21,700 | $6,510 | $15,190 | $0 | $0 |
| 2020 | $21,700 | $6,510 | $15,190 | $0 | $0 |
| 2019 | $20,100 | $6,030 | $14,070 | $0 | $0 |
| 2018 | $20,600 | $6,180 | $14,420 | $0 | $0 |
| 2017 | $20,600 | $6,180 | $14,420 | $0 | $0 |
| 2016 | $20,600 | $3,999 | $16,601 | $0 | $0 |
| 2015 | $20,600 | $3,999 | $16,601 | $0 | $0 |

**Note: Taxable and exempt land values can represent:**

1. **The contributory value of land in relation to the total market value, or**
2. **Where no structure is present, the value of vacant land**

**Consistent with International Association of Assessing Officers (IAAO) standards, the value of an improved parcel is separated into the portion of value attributed to the improvement and the portion of value attributed to the land.**

## SALES DETAILS

| | |
|---|---|
| SALES PRICE: **$1** | SALES DATE: **4/12/1953** |

## PROPERTY DETAILS

OPA ACCOUNT: **513181600**
HOMESTEAD EXEMPTION: **No**
DESCRIPTION: **ROW 2 STY MASONRY**
CONDITION: *Sealed / Structurally Compromised*

BEGINNING POINT: **105'W 57TH ST**
LAND AREA (SQFT): **930**
IMPROVEMENT AREA (SQFT): **1,260**
ZONING: **RSA-5**
**Zoning data source:** Planning and Development

CORRECTIONS OR QUESTIONS ABOUT THIS INFORMATION?:

TRASH & RECYCLING

TRASH & RECYCLING DAY: **Friday**          LEAF COLLECTION: **Saturday Bag Dropoff**

SERVICE AREAS

## School Catchment

ELEMENTARY SCHOOL: **Longstreth** MIDDLE SCHOOL: **Longstreth** HIGH SCHOOL: **Bartram HS**

## Political

COUNCILMANIC DISTRICT (2016): **3** WARD: **51** WARD DIVISIONS: **5126**

## Public Safety

POLICE DISTRICT: **12** POLICE PUBLIC SERVICE AREA: **124** POLICE DIVISION: **SWPD**

## Districts

PLANNING: **University Southwest** LICENSES AND INSPECTIONS (L+I): **SOUTH** CENSUS TRACT (2010): **007200** CENSUS BLOCK GROUP (2010): **1** COMMERCIAL CORRIDOR: **n/a**

## Streets

HIGHWAY DISTRICT: **1** HIGHWAY SECTION: **1G** HIGHWAY SUBSECTION: **1G4** STREET LIGHT ROUTES: **7** TRAFFIC DISTRICT: **2** TRAFFIC PM DISTRICT: **2115**

TRASH & RECYCLING DAY: **Friday** LEAF COLLECTION DAY: **Saturday Bag Dropoff** RECYCLING DIVERSION RATE: **13.9%** SANITATION AREA: **1** SANITATION DISTRICT: **1A**



Realty LLC & Guy Shitrit v. City of Philadelphia

# EXHIBIT "G"

## L&I Permit - 5714 Malcolm

| From | Deanna M Miller <deanna.m@guyadvisorsgroup.com> on 2020-05-21 07:14 PM |
|---|---|

| **From** | Deanna M Miller <deanna.m@guyadvisorsgroup.com> |
|---|---|
| **To** | Brian Enterprises <brianenterprises@yahoo.com>, Guy Smith <guy.smith@guyadvisorsgroup.com> |
| **Date** | 2020-05-21 07:14 PM |
| all headers |

📄 L&I Permit App - 5714 Malcolm.pdf (~2.3 MB)

Mike,

Guy asked if you could step in and get the EZ permit for 5714 Malcolm.

I applied and it is incomplete - requesting the HUD and the Plans.


See the online permit details attached and speak with Guy on what you need.

Thanks

--

*Have a Nice Day )*

**Deanna M. Miller**

*Office Manager*



273 Montgomery Avenue

Suite #201

Bala Cynwyd, Pennsylvania 19004

484-270-8641

www.guyadvisorsgroup.com



273 Montgomery Avenue
Suite #201
Bala Cynwyd, Pennsylvania 19004
484-270-8641
**www.guyadvisorsgroup.com**

[Quoted text hidden]

**2 attachments**

**L&I Permit App - 5714 Malcolm (RFP-2020-000670) 3.25.20.pdf**
2402K

**3909 Realty LLC - IRS Award Letter.pdf**
14K

*MB*

## Make Safe Appt - 5714 Malcolm



**From**   Deanna M Miller <deanna@guyadvisorsgroup.com>
**To**      Simco Enterprises <simcoenterprises@yahoo.com>, Guy Shitrit <guyadvisorsgroup@yahoo.com>
**Date**   2020-08-11 11:18 AM

📄 20-0194_GUY_MALCOLM-STREET_MAKE-SAFE-LETTER_8-2-20_101.pdf(~437 KB)
📄 20-0194_GUY_MALCOLM-STREET_MAKE-SAFE-PLAN_8-2-20_101.pdf(~105 KB)

Mike,

A eclipse application has been submitted for a building pemit for 5714 Malcolm Street - RP-2020-000670; however, we are required to bring plans to L&I.

The plans and letter from the engineer are attached - if you need the large prints - let me know - I need 24 hours to get them printed and how many?

---

## Residential Building Permit RP-2020-000670 (Application Incomplete)

⊗ Please be advised that the Department currently identifies one or more buildings on this parcel as Imminently Dangerous (ID) or Unsafe (U) per the Philadelphia Property Maintenance Code. All Applications for Permit must be submitted in-person to the Department of Licenses and Inspections located at 1401 John F Kennedy Blvd, MSB Concourse, Philadelphia PA 19102. For more information on any Violations for this Parcel call 311 or (215) 686-8686.

LOCATIONS

**Addressed Locations**

*Please Search for the Address of this Permit by clicking on the magnifying glass icon below. The search results may return a "Parcel", "Building," or "Suite (Le Condo)" - please select the most appropriate option based on where the work is being performed.*

\* **Address:**  | 5714 MALCOLM ST, Philadelphia, PA 19143-4509 |     

Address                    Remove
5714 MALCOLM ST, Philadelphia, PA 19143-4509  ✖
Building 1412725 Imminently Dangerous

Thank you

*Have a Nice Day )*

**Deanna M. Miller**
*Office Manager*



273 Montgomery Avenue
Suite #201
Bala Cynwyd, Pennsylvania 19004
484-270-8641
**www.guyadvisorsgroup.com**

# EARL F. BUSER, P.E.

## STRUCTURAL & CIVIL ENGINEERING
### DESIGN • CONSULTATION • INSPECTION • REPORTS
### BUILDINGS • STRUCTURES • DRAINAGE

1714 HOWE LANE
MAPLE GLEN, PA 19002

(215) 643-1175
FAX (215) 643-7522

July 18, 2020

City of Philadelphia
Department of Licenses & Inspections
Municipal Services Building
1401 JFK Blvd
Concourse Level, Permit Services Unit
Philadelphia, Pa

Attention:    Building Review Officer
Reference:    5714 Malcolm Street

Dear Plans Examiner,
    On the above addressed property, my client inherited the problems in which he bought. The previous owner had multiple violations on the property which my client did not know. This letter corresponds to the drawing in which I prepared. Area #1, the contractor will remove the roof in the rear of the house and tarp it temporarily. Area #2, contractor is to temporarily shore up the front porch deck. The contractor will use 2" x 4" @ 12" on center located approx.. 1'-0" away from the front basement wall. Area #3, the brick in the front, in my professional opinion is structurally sound and just need have the loose mortar removed and re-pointed. Area #4, the previous owner removed all the floor joists and replaced with a 2" x 10" ledger with 2" x 10" @ 16" on center. He did not properly anchor the ledger to wall and the contractor now will add ½" x 4" expansion bolts @ 16" on center with hi-strength epoxy. Lastly, Area #5, the contractor is to add 3 – 4" x 4" posts to help secure the existing beam. Once completed, I will do an inspection to make sure the job is done correctly.
    If you have any questions, please contact me or partner Chris Hammel (609) 504-0224.

Respectfully Submitted,

Earl F. Buser, PE
PA Lic No 12184E
Phila. Bus. Lic. No 477281



3909 Realty LLC & Guy Shitrit v. City of Philadelphia

# EXHIBIT "H"



Department of Licenses and Inspections
City of Philadelphia

*chris whammel@aol.com*

*Last project Midtsme*

*When purchased already don Ev. Done but Porch*

# ⊗ Violation Notice and Order to Correct

**L&I File Number:**   CF-2020-026744



**RESPONSIBLE PARTY**

GUY SHITRIT 3909 Germantown LLC

273 Montgomery Avenue, Ste 201
Bala Cynwyd, Pennsylvania 19004

**V2**

**DISTRICT OFFICE**

Contractual Services Unit
11TH FLR
1401 John F Kennedy Blvd
Philadelphia, PA 19102
215-686-2480

**PROPERTY IN VIOLATION**

5714 MALCOLM ST, Philadelphia, PA 19143-4509

**DATE OF NOTICE**

06/18/2020

On 06/16/2020 the Department of Licenses and Inspections inspected/investigated the property in violation and found the following condition(s) which violate the Philadelphia Code. Based on all or some of these Code violations the property is deemed:

## IMMINENTLY DANGEROUS

The property will remain in this status until all the necessary violations below are corrected and the Department of Licenses and Inspections has verified the corrective action. You are the person responsible for the correction of these violations.

The Department of Licenses and Inspections hereby certifies that the violations at this property create a condition of immediate danger or hazard to health safety and welfare which requires immediate compliance.

If these violations are not corrected before 06/26/2020 the Department will take action as soon as possible to vacate and demolish the imminently dangerous structure.

Any permit or license obtained to comply a violation of working without or in excess of a permit or a license will result in an additional inspection fee equal to the cost of the permit or license. (Phila. Code § A-901.13)

YOU ARE ORDERED TO MAKE REPAIRS AND/OR TAKE THE NECESSARY ACTION TO CORRECT THE CITED CONDITIONS PRIOR TO 06/26/2020

**VIOLATIONS**

| PHILLY CODE § | PHILA. CODE LANGUAGE | CONDITION IN VIOLATION | LOCATION | FINE PER DAY |
|---|---|---|---|---|
| PM15-110.1 | The Department inspected the subject structure and determined it is in imminent danger of collapse you must repair or demolish said structure immediately. When there is imminent danger of failure or collapse of a structure or any part thereof which endangers life, or when any structure or part of a structure has fallen and life is endangered by the occupation of the structure, the code official is authorized and empowered to order and require the occupants to vacate the same forthwith in | partially collapsed main roof, side/rear exterior walls, rear foundation, front porch | full structure | $2,000.00 |



Department of Licenses and Inspections
City of Philadelphia

# ✖ Violation Notice and Order to Correct

L&I File Number:   CF-2020-026744

VIOLATIONS

| PHILLY CODE § | PHILA. CODE LANGUAGE | CONDITION IN VIOLATION | LOCATION | FINE PER DAY |
|---|---|---|---|---|
| | accordance with the cease operations provisions set forth in the administrative code. It shall be unlawful for any person to enter such structure except for the purpose of making the required repairs or demolishing the structure. | | | |
| PM15-304.1(h) | Roofing or roofing components that have defects that admit rain, roof surfaces with inadequate drainage, or any portion of the roof framing that is not in good repair with signs of deterioration, fatigue or without proper anchorage and incapable of supporting all nominal loads and resisting all load effects. | main roof | | $300.00 |
| PM15-304.1(g) | Exterior walls are not anchored to supporting and/or supported elements or are not plumb and free of holes, cracks or breaks and loose or rotting materials, are not properly anchored or are not capable of supporting all nominal loads and resisting all load effects. | rear/side exterior walls | | $300.00 |
| PM15-304.1(l) | Exterior stairs, decks, porches, balconies and all similar appurtenances attached thereto, including guards and handrails, are not structurally sound, not properly anchored or that are anchored with connections not capable of supporting all nominal loads and resisting all load effects. | front porch partially collapsed | | $300.00 |
| PM15-304.1(f) | Foundation systems that are not firmly supported by footings, are not plumb and free from open cracks and breaks, are not properly anchored or are not capable of supporting all nominal loads and resisting all load effects. | foundation walls | | $300.00 |
| A-304.1/1 | You are hereby ordered to obtain the services of a Pennsylvania Licensed Professional Engineer | engineera report required | | $300.00 |



Department of Licenses and Inspections
City of Philadelphia

# Violation Notice and Order to Correct

**L&I File Number:** CF-2020-026744

**VIOLATIONS**

| PHILLY CODE § | PHILA. CODE LANGUAGE | CONDITION IN VIOLATION | LOCATION | FINE PER DAY |
|---|---|---|---|---|
| | to serve as the design professional in responsible charge pursuant to Administrative Code Section A-304, and maintain, at a minimum, the following responsibilities:<br>1)　　Immediately assess the structure to determine the extent of the structural defects and submit those findings along with a timeline of corrective actions to the Department.<br>2)　　Design and observe the immediate installation of temporary protections of the public way and adjacent properties.<br>3)　　Develop a remediation plan, detailing the extent of the required removal and replacement of structural components and temporary shoring required for the remediation. The remediation plan must contain adequate construction details to confirm code compliance as well as provide the responsible contractor with necessary direction in approaching and completing the necessary repairs.<br>4)Submit such remediation plan with details to the Department along with an application for a building permit.<br>5)Provide periodic structural observations of the remediation work throughout the repair process.<br>6)Inform the Department if a condition arises which poses an immediate threat to public safety.<br>7)Upon completion of the repairs, submit a sealed statement to the Department that the structure has been | | | |



Department of Licenses and Inspections
City of Philadelphia

---

# ✕ Violation Notice and Order to Correct

**L&I File Number:** CF-2020-026744

## VIOLATIONS

| PHILLY CODE § | PHILA. CODE LANGUAGE | CONDITION IN VIOLATION | LOCATION | FINE PER DAY |
|---|---|---|---|---|
| | made safe.<br>8)Inform the Department if oversight responsibilities are terminated by the owner. | | | |

 Failure to correct the violations listed above before the correction date will result in:
- The removal of all occupants and demolition of your property;
- Labor and material costs for any work performed by the City, such as a demolition; sealing of windows or doors; clearing of weeds, trash or debris; relocation expenses for removing occupants, costs associated with cease operations orders. Such costs are subject to an additional administrative fee of 21% (Phila. Code § A-503);
- An additional $100 fee for repeat abatement work (Phila. Code § A-503.2);
- A fine in  the amount stated above for each day each violation remains uncorrected (Phila. Code § A-601); and
- Reinspection fees as follows: $100 for the third inspection, $200 for the fourth inspection, and $350 for any additional inspections (Phila. Code § A-901.12.2).

 YOU HAVE THE RIGHT TO APPEAL THIS NOTICE. YOUR APPEAL MUST BE FILED BY 06/23/2020.

Appeal of this Notice does not extend the time for you to comply nor will it stop any action by the City of Philadelphia.

For more information on filing an appeal and/or to obtain the approved form visit the appeals section of the Department of Licenses and Inspections website at www.phila.gov/li or the Boards Administration Unit, 11th Floor Municipal Services Building, 1401 J.F.K. Blvd., Philadelphia PA.

IF YOU DO NOT TIMELY FILE AN APPEAL THEN YOU WAIVE YOUR RIGHT TO LATER CHALLENGE ANY PART OF THIS NOTICE. This includes waiving your right to argue: whether the violations existed, whether you were responsible to correct the violations, whether you had enough time to correct the violations, whether the City should have abated the violations, and whether the City can impose fines, fees, or costs against you.
IF YOU HAVE ANY LEGAL QUESTIONS YOU SHOULD CONSULT WITH AN ATTORNEY.

If you do not have an attorney, you can contact the Philadelphia Bar Association Referral and Information Line at 215-238-6333 to have an attorney referred to you. You can also find a list of legal aid service providers at http://palegalaid.net/legal-aid-providers-in-pa.

 The Philadelphia Code may be found online for free at www.phila.gov under "Open government."

If you have any questions regarding this notice or would like to schedule a re-inspection, please contact: ANTHONY DISABATO by calling the district office phone number noted above.

---

ATTENTION: This is an important notice! For information in your language, call 215-686-8686
ATENCIÓN: ¡Este es un aviso Importante! Para recibir información en su idioma, llame al 215-686-8686
注意：这是重要通知！如果您需要以您的语言获得此信息，请致电 215-686-8686
CHÚ Ý: Đây là thông báo quan trọng! Nếu bạn cần thư này bằng ngôn ngữ khác, vui lòng gọi 215-686-8686
주의: 중요 통지입니다! 이 서신을 귀하의 언어로 받고 싶으시면 215-686-8686번으로 전화하시기 바랍니다
کریں کال پر 215-686-8686 لیے کے خدمات کی ترجمہ کی نام،ماعلاٰاطلاع ضروری ایک بہ ،فرمائیں توجہ
ATTENTION : Cet avis est important ! Si vous avez besoin de cet avis dans une autre langue, appelez le 215-686-8686

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 3909 REALTY LLC | : | |
| | : | |
| and | : | Civil Action No. 200802860 |
| | : | |
| | : | |
| | : | |
| GUY SHITRIT | : | |
| | : | |
| | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPT. OF LICENSES & | : | |
| INSPECTIONS | : | |

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1446(d), Defendants, City of Philadelphia (collectively, the "Removing Defendants"), by and through undersigned counsel, hereby give notice that they have filed in the United States District court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

Date:  January 5, 2021

*/s/ Meghan E. Claiborne*
Meghan Claiborne, Esquire
Deputy City Solicitor