IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 3909 REALTY LLC, et al., | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | No. 21-cv-0030 |
| DEPARTMENT OF LICENSES | : | |
| & INSPECTIONS, | : | |
| *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                  **March 27, 2025**

The Court writes for the benefit of the parties and assumes familiarity with the facts of the case. Plaintiffs, through counsel, move this Court to reconsider its February 5, 2025 order (ECF No. 32) administratively closing this case. ECF No. 33 at 3. Though Plaintiffs filed the Motion in response to the Court's recent closure of this case, Plaintiffs' Motion effectively asks this Court to reconsider—for a second time—its July 28, 2022 order striking Plaintiffs' second amended complaint (ECF No. 19). For the reasons set forth below, this Court will deny the Motion for Reconsideration (ECF No. 33).

**I.      BACKGROUND**

In November 2020, Plaintiffs brought this suit in the Pennsylvania Court of Common Pleas, alleging trespass, tort, and federal constitutional claims in connection with the demolition of a property. ECF No. 1 at 11–29. Defendant then removed the case to federal court, after which Plaintiffs filed an amended complaint. *See* ECF No. 8 at 1. On June 8, 2021, this Court dismissed the amended complaint without prejudice because it failed to state a claim. *See* ECF No. 12 at 13.

1

Nearly one year later, on June 7, 2022, Plaintiffs filed a second amended complaint. *See* ECF No. 14 at 1. On July 28, 2022, this Court struck the second amended complaint because Plaintiffs had filed it without seeking Defendant's "written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). *See* ECF No. 19 at 1. Plaintiffs then moved this Court to reconsider its order, ECF No. 20 at 1–2, the Court denied that motion for reconsideration, ECF No. 22 at 1, and Plaintiffs appealed, *see* ECF No. 24 at 1.

While Plaintiffs' appeal was pending, Plaintiffs moved for leave to file a second amended complaint, ECF No. 21 at 1, which this Court "denied without prejudice for renewal once Plaintiffs' appeal is resolved." ECF No. 26 at 1. Plaintiffs' appeal was resolved in June 2023. ECF No. 29 at 1.

For nearly two years after Plaintiffs' appeal was resolved, Plaintiffs did not renew their motion for leave to file a second amended complaint. They failed to take that step despite this Court's instruction for Plaintiffs to renew the motion once their appeal was resolved. *See* ECF No. 26 at 1. Indeed, this Court later drew counsel's attention to that docket entry because it "specifically" instructed Plaintiffs as to "next steps." ECF No. 31 at 1 (citing ECF No. 26). In fact, for over a year—and later for nearly another seven months—Plaintiffs took no steps on the docket at all. After this case effectively lay dormant for over a year, and with no pending motions on the docket, this Court administratively closed the case on February 5, 2025. ECF No. 13 at 1; ECF No. 32 at 1.

II.     **DISCUSSION**

A motion for reconsideration is proper when there is a need to "correct a clear error of law or fact or to prevent manifest injustice," the movant presents newly discovered evidence, or there

is an intervening change in the governing law. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A motion for reconsideration is not "an opportunity to relitigate the case." *Id.*

This Court did not commit a "clear error of law or fact" or a "manifest injustice." *Id.* Because Plaintiffs failed to seek leave or Defendant's written consent before filing the second amended complaint, in violation of Federal Rule of Civil Procedure 15(a)(2), it was not clear error or a manifest injustice for this Court to strike that complaint without prejudice. *See U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) (failure to seek leave rendered second amended complaint "technically deficient" and "[w]ithout legal effect"); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1484 (3d ed. 2024) ("[I]f an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect" and "will not be considered unless the amendment is resubmitted for the court's approval."). The Third Circuit, in fact, reiterated to Plaintiffs that the filing of the second amended complaint "did not comply with Rule 15." *3909 Realty LLC v. City of Philadelphia Dep't of Licenses & Inspections*, No. 22-2593, 2023 WL 3752002, at *1 (3d Cir. June 1, 2023).

Nevertheless, Plaintiffs attempt to relitigate that issue. Plaintiffs argue that this Court was required to grant leave to amend, citing cases in which district courts improperly dismissed complaints *with prejudice* without finding that an amendment would be futile or inequitable. *See* ECF No. 33 at 2. But here, the Court struck the complaint *without prejudice* and directed Plaintiffs to renew their motion for leave once their appeal was resolved. ECF No. 19 at 1; ECF No. 26 at 1. After Plaintiffs' appeal was resolved, the Court later reminded Plaintiffs of that docket entry, explaining that it directed Plaintiffs as to "next steps." ECF No. 31 at 1 (citing ECF No. 26); *see*

3

*supra* Part I.  Simply put, Plaintiffs were given an opportunity to cure their procedurally deficient filing.  For over a year, this case effectively lay dormant, with Plaintiffs failing to take action.

In turn, this Court ordered the case to be administratively closed.  The Court acted in its discretion to "shelve [Plaintiffs'] pending, but dormant" case.  *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999).  And when Plaintiffs moved this Court to reconsider that order, this Court reopened the case for the parties to brief the issues raised by Plaintiffs' Motion.

Plaintiffs' first amended complaint was dismissed almost four years ago.  *See* ECF No. 13 at 1.  Plaintiffs then took just one day short of a year to file a second amended complaint, and that complaint has now been stricken for nearly three years.  *See* ECF No. 19 at 1.  In light of the above, it was not clear error or a manifest injustice for the Court to administratively close this case, and Plaintiffs do not point to any other basis for the Court to reconsider its rulings.

### III.     CONCLUSION

In light of the above, the Court will **DENY** Plaintiffs' Motion for Reconsideration (ECF No. 33).  An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**